**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERTA M. LEE,
         Appellant,

      v.

UNITED STATES POSTAL SERVICE,
         Agency.

DOCKET NUMBER
AT-0353-19-0679-I-1

DATE: February 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Roberta M. Lee, Jonesboro, Georgia, pro se.

Earl L. Cotton, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of the Department of Labor's Office of Workers' Compensation Program's (OWCP) July 8, 2019 decision to terminate her compensation benefits. On petition for review, she claims that the OWCP decision was reversed. Petition for Review (PFR) File, Tab 2 at 2-3. She also argues that the agency failed to accommodate her medical limitations and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

harassed her and retaliated against her due to prior equal employment opportunity (EEO) activity. *Id.* at 2-3. She also submits several documents with her petition for review. *Id.* at 7-46. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly found that the Board lacks jurisdiction to review a denial of OWCP benefits. Initial Appeal File (IAF), Tab 8, Initial Decision (ID) at 2-3; *see Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 4 (2005). He also appropriately construed the appellant's claim that the agency's offer of a modified position failed to abide by her physician's recommendations as a claim of a denial of restoration. ID at 3-6. He found that the Board was bound by OWCP's determination that the offered modified position was suitable. ID at 5-6. The appellant reasserts her claim on review that the position was not suitable and failed to meet her medical limitations. PFR File, Tab 2 at 2-5.

We agree with the administrative judge that the Board is bound by OWCP's determination that the offered modified position was suitable. *See Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 12 (2013). Regarding the appellant's claim that the July 8, 2019 OWCP decision at issue in this appeal was reversed, that

claim is not supported by the record. PFR File, Tab 2 at 2-3, 8-10. The alleged reversal decision cited by the appellant is dated January 24, 2019—more than 5 months before the OWCP decision at issue here—and states that it is reversing a May 16, 2018 decision. *Id.* at 8-10. Thus, the assertion that the July 8, 2019 OWCP decision was reversed is incorrect.

The appellant also argued below and again on review that the agency harassed her and retaliated against her due to her EEO activity. IAF, Tab 1 at 5; PFR File, Tab 2 at 1-2. The administrative judge does not appear to have addressed this claim, but the Board cannot consider claims of discrimination or retaliation absent an otherwise appealable action. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012); *Metzenbaum v. General Services Administration*, 83 M.S.P.R. 243, ¶ 8 (1999). Additionally, in *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 21, we clarified that claims of discrimination or reprisal for protected activity may not serve as an independent means of showing that a denial of restoration was arbitrary and capricious for the purposes of 5 C.F.R. § 353.304(c). To the extent the administrative judge's failure to consider the appellant's EEO claim constitutes error, such an error has not prejudiced the appellant's substantive rights and does not provide a basis for reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

The appellant also submits several documents with her petition for review. PFR File, Tab 2 at 7-44. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed below despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). It appears that the majority of the documents submitted by the appellant predate the close of the record below. PFR File, Tab 2 at 7-44. She claims that she did not submit the documents because she "thought [she] had enough evidence to show discrimination and the wrongdoing" on the part of the agency. *Id.* at 1.

This argument is not sufficient to establish that the appellant was diligent in submitting the documents, and therefore, we have not considered them. *See Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶¶ 4-5 (1999). The only documents that appear to postdate the close of record below are personal electric and water bills showing that the appellant has been unable to make her payments. PFR File, Tab 2 at 45-46. She has failed to show, however, that these documents are material to her claim or are of sufficient weight to warrant a different outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       _____
                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.