# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AIDA L. PANTOJA,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-0353-19-0458-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: June 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Aida L. Pantoja, Cudahy, Wisconsin, pro se.

Deborah L. Lisy, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. On petition for review, the appellant again challenges the processing of her equal employment opportunity (EEO) complaint, argues that the agency failed to provide all of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

information necessary to adjudicate her case, and asserts that the administrative judge erred by concluding that the agency did not act arbitrarily and capriciously in failing to return the appellant to duty, and therefore, she failed to establish Board jurisdiction over her claim that she was denied restoration. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the burden of proof that an appellant must meet to establish jurisdiction over her restoration appeal, we AFFIRM the initial decision.

The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011), *superseded in part by regulation on other grounds as stated in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016); 5 C.F.R. § 353.304(c). Thus, to establish jurisdiction over a claim of denial of restoration as a partially recovered employee, an appellant is required to make nonfrivolous allegations of the following: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those

previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *See Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016); *Kingsley*, 123 M.S.P.R. 365, ¶ 11; 5 C.F.R. § 1201.57(a)(4), (b). Once an appellant establishes jurisdiction, she is entitled to a hearing at which she must prove the merits of her restoration appeal by a preponderance of the evidence. *Kingsley*, 123 M.S.P.R. 365, ¶ 12; 5 C.F.R. § 1201.57(c)(4).

In the initial decision, the administrative judge stated that the appellant had to establish jurisdiction over her appeal by preponderant evidence. Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 2-3. This was in error. Effective March 30, 2015, the Board issued regulations that adopted a nonfrivolous allegation standard for establishing jurisdiction in restoration appeals. 5 C.F.R. § 1201.57(a)(4), (b); *see Hamilton*, 123 M.S.P.R. 404, ¶¶ 11-12. Nevertheless, we conclude that the administrative judge's error is of no legal consequence because it did not adversely affect the appellant's substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981); *see Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 5 n.2 (2016) (finding an administrative judge's error in citing to the preponderant evidence standard harmless in a restoration appeal because he properly determined that the appellant failed to present nonfrivolous allegations of jurisdiction), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017).

On review, the appellant has not disputed the administrative judge's findings that she failed to identify any available work within her restrictions or provide any evidence that there was work to be performed that the agency failed to offer her, or denied that the agency eventually offered her a modified job offer after completing its search for available work duties. ID at 7-8; IAF, Tab 17 at 187-89. Consequently, we agree with the administrative judge's finding that the agency's failure to provide the appellant with a work assignment until after her July 30, 2018 medical release did not constitute an arbitrary and capricious

denial of the appellant's restoration rights, and conclude that the appellant failed to establish jurisdiction over her appeal even under the lower nonfrivolous allegation standard.[2] ID at 6-8.

Finally, in the absence of an otherwise appealable action, we lack jurisdiction to address the appellant's claim that the agency erred in processing her EEO complaint.[3] Petition for Review File, Tab 1 at 4-5; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (concluding that, absent an

---

[2] After the initial decision in this appeal was issued, the Board issued a decision in *Cronin v. U.S. Postal Service*, 2022 MSPB 13, which clarified when a denial of restoration may be arbitrary and capricious. The Board in *Cronin* held that, although agencies may undertake restoration efforts beyond the minimum effort required by OPM under 5 C.F.R. § 353.301(d), an agency's failure to comply with self-imposed obligations cannot itself constitute a violation of 5 C.F.R. § 353.301(d) such that a resulting denial of restoration would be rendered arbitrary and capricious for purposes of establishing Board jurisdiction under 5 C.F.R. § 353.304(c). *Cronin*, 2022 MSPB 13, ¶ 20. Rather, as explained in *Cronin*, the issue before the Board is limited to whether the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies. *See Cronin*, 2022 MSPB 13, ¶ 20. Here, the administrative judge concluded that the appellant had not alleged that the agency violated its own internal restoration regulations. ID at 7. The appellant has not challenged that finding on review. The Board in *Cronin* also clarified that claims of prohibited discrimination or reprisal cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious. *Cronin*, 2022 MSPB 13, ¶ 21. The Board acknowledged that an agency's failure to comply with section 353.301(d) may well be the result of prohibited discrimination or reprisal for protected activity; however, whether that is so is immaterial to the question of whether a denial of restoration is arbitrary and capricious for purposes of section 353.304(c). *Cronin*, 2022 MSPB 13, ¶ 21. In the initial decision in this case, the administrative judge considered the appellant's claim of disability discrimination in the context of her denial of restoration claim, but concluded that the appellant offered no evidence of discriminatory animus. ID at 7. In light of the Board's finding in *Cronin*, we agree with the administrative judge's conclusion that the appellant's claim of disability discrimination similarly does not provide evidence that the agency's denial of the appellant's restoration right was arbitrary and capricious.

[3] Because the appellant raised a claim of disability discrimination in this appeal, and the Board has now issued a Final Order dismissing the appeal for lack of jurisdiction, the agency is required, under Equal Employment Opportunity Commission (EEOC) regulations, to reissue a notice under 29 C.F.R. § 1614.108(f) giving the appellant the right to elect between a hearing before an EEOC administrative judge and an immediate final decision. *See* 29 C.F.R. § 1614.302(b).

otherwise appealable action, the Board lacks jurisdiction over claims of harmful error, prohibited personnel practices, or that an agency's action failed to comply with various provisions of law); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _____
                       Gina K. Grippando
                       Clerk of the Board

Washington, D.C.