# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

FLORA M. ASKEW,
            Appellant,

        v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
AT-0353-16-0757-I-1

DATE: October 25, 2022

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Flora M. Askew</u>, Atlanta, Georgia, pro se.

<u>W. Randle Smith</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant was hired by the agency in May 1980 and suffered an injury to her shoulder and arm in September 1991.  Initial Appeal File (IAF), Tab 11 at 16, 47, Tab 13 at 24.  Her physician determined in March 1996 that her injury was permanent.  IAF, Tab 11 at 47.

¶3    In September 2010, as part of its National Reassessment Process, the agency searched for "operationally necessary tasks" within the appellant's medical restrictions.  IAF, Tab 7 at 2-3, Tab 11 at 29-45.  However, the search was unsuccessful.  IAF, Tab 7 at 2-3.  Prior to this search, the appellant was working as a Modified Distribution Clerk.  IAF, Tab 1 at 1, Tab 11 at 27, Tab 13 at 24.  On May 19, 2011, the agency informed the appellant that it was unable to identify necessary tasks within her medical restrictions and that she should therefore not report for duty.  IAF, Tab 11 at 24.  The notice letter did not advise the appellant of her Board appeal rights.

¶4    The appellant filed two grievances regarding the agency's failure to restore her to work.  IAF, Tab 1 at 5-6, Tab 13 at 8-10.  By notice dated November 9, 2011, the agency directed her to return to work.  IAF, Tab 1 at 5, Tab 11 at 22.  It appears that she resumed work, at least part time, on November 14, 2011.  IAF, Tab 11 at 48, 76-93.  Effective January 14, 2012, she was awarded a position on which she bid.  IAF, Tab 13 at 32.  The following month, the agency and the union settled the appellant's grievances.  *Id*. at 7, 35.

¶5    In August 2016, the appellant filed a Board appeal alleging that the agency failed to restore her to duty in 2011.  IAF, Tab 1.  Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal because she found that the grievance settlement agreements divested the Board of jurisdiction over the underlying matter.  IAF, Tab 15, Initial Decision (ID) at 1-4.

¶6      The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply to the response.  Petition for Review (PFR) File, Tabs 1, 3‑4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

The grievance settlements do not contain an enforceable waiver of Board appeal rights.

¶7      The appellant appears to dispute the administrative judge's finding that her claim is moot.  PFR File, Tab 1 at 3, 5.  To have an enforceable contract, there must be consideration, i.e., a performance or a return promise that must be bargained for and does not involve performance of a preexisting duty.  *Black v. Department of Transportation*, 116 M.S.P.R. 87, ¶ 17 (2011); *see Thompson v. Department of the Treasury*, 100 M.S.P.R. 545, ¶ 9 (2005) (declining to enforce a waiver of Board appeal rights signed by an employee in connection with a position that she already occupied, due to the lack of consideration).  Thus, in the absence of such consideration, the Board has declined to enforce an employee's waiver of her appeal rights.  *Black*, 116 M.S.P.R. 87, ¶ 18.

¶8      The settlement agreements resolving the appellant's grievances are dated February 22, 2012.  IAF, Tab 13 at 7, 35.  One grievance was settled in the following manner:  "[t]he grievant has received a bid assignment in Mail Recovery therefore this grievance is a moot issue."  *Id*. at 7.  The other grievance was settled in the following manner:  "[t]he employee has a bid in Mail Recovery."  *Id*. at 35.

---

[2] The agency submitted its response on November 10, 2016, and stated that it would send a copy of its submission to the appellant by the next business day.  PFR File, Tab 3 at 6.  Accordingly, any reply to the response had to be filed by November 21, 2016.  PFR File, Tab 2 at 1.  The appellant's reply is postmarked November 22, 2016.  PFR File, Tab 4 at 8; *see* 5 C.F.R. § 1201.4(i), (*l*) (explaining that the date of service by mail is determined by the postmark date).  Because it was untimely filed with no good cause shown, we need not consider it.  *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 18 n.4 (2012); 5 C.F.R. § 1201.114(e), (g).  Nonetheless, we have reviewed the reply and determined that it does not affect the outcome of this appeal.

¶9      The only referenced consideration in these agreements is the appellant's bid assignment in Mail Recovery.  However, she was awarded this assignment on January 14, 2012, before the settlements were executed.  IAF, Tab 11 at 20, Tab 13 at 32.  Accordingly, as she appears to argue on review, her bid assignment was the result of her exercising her bidding rights, and the agency thus had a preexisting obligation to place her in the position.  PFR File, Tab 1 at 5.  We therefore decline to enforce the grievance settlement agreements.

## The appellant has nonfrivolously alleged that the Board has jurisdiction over her restoration claim.

¶10     To establish jurisdiction in a denial of restoration appeal and obtain a hearing on the merits, the appellant is required to make nonfrivolous allegations that:  (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious.[3]  *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 5 (2016), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11.

¶11     As of May 19, 2011, the appellant was working.  IAF, Tab 11 at 27-28, 48−50.  That day, the agency advised her that it had completed a search for necessary tasks within her medical restrictions "within your facility and throughout the Local Commuting Area (LCA) within the District boundaries."  *Id*. at 24.  However, the agency told her that it had located no such work, and therefore it advised her that she would need to request leave.  *Id*.  The appellant

---

[3] The appellant is required only to nonfrivolously allege jurisdiction, as opposed to proving jurisdiction by preponderant evidence, because she filed this appeal after March 30, 2015.  *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016); 5 C.F.R. § 1201.57(a)(4), (b).

then began a period of leave, which included periods designated as "OWCP."[4] *Id.* at 48-69. Accordingly, we find that the appellant has made nonfrivolous allegations, as supported by the record, satisfying the first three jurisdictional criteria. *Sanchez v. U.S. Postal Service*, 114 M.S.P.R. 345, ¶¶ 11-12 (2010).

¶12    Regarding the fourth jurisdictional criterion, evidence that the agency failed to search the local commuting area, as required by 5 C.F.R. § 353.301(d), would constitute a nonfrivolous allegation that the agency acted arbitrarily and capriciously in denying restoration. *Rodriguez-Moreno v. U.S. Postal Service*, 115 M.S.P.R. 103, ¶ 17 (2010). The "local commuting area is the geographic area in which an individual lives and can reasonably be expected to travel back and forth daily" to her usual duty station. *Id.*, ¶ 13. The question of what constitutes a local commuting area is one of fact. *Id.*[5]

¶13    Here, the agency's statement that it completed a search "throughout the Local Commuting Area . . . within the District boundaries" suggests that the local commuting area may expand beyond those boundaries. IAF, Tab 11 at 24. Because the agency's search was apparently limited to a single district, whether the agency searched the entire commuting area remains an unanswered question

---

[4] A compensable injury is defined as one that is accepted by the Office of Workers' Compensation Programs (OWCP) as job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 14 (2016).

[5] While this appeal was pending on review, the Board issued a decision clarifying the standard for determining whether a denial of restoration following a partial recovery was arbitrary and capricious. *Cronin*, 2022 MSPB 13. The Board in *Cronin* held that, although agencies may undertake restoration efforts beyond the minimum effort required by the Office of Personnel Management under 5 C.F.R. § 353.301(d), an agency's failure to comply with self-imposed obligations, such as those provided in the agency's Employee and Labor Relations Manual, cannot itself constitute a violation of 5 C.F.R. § 353.301(d). *Cronin*, 2022 MSPB 13, ¶ 20. Rather, as explained in *Cronin*, the issue before the Board is limited to whether the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and consider him for any such vacancies. *Cronin*, 2022 MSPB 13, ¶ 20 (citing *Sanchez*, 114 M.S.P.R. 345, ¶ 12).

of material fact. *Sanchez*, 114 M.S.P.R. 345, ¶¶ 14, 16-17. We find that the appellant has met her jurisdictional burden, which, assuming her appeal is timely filed, entitles her to adjudication on the merits. *Id*. Because the Board has jurisdiction to consider the merits of the appeal, the Board also has jurisdiction to consider the appellant's disability discrimination claim. IAF, Tab 1 at 2; *Sanchez*, 114 M.S.P.R. 345, ¶ 14; *see* 5 C.F.R. § 353.301(d) (requiring agencies to treat partially recovered employees "substantially the same as other handicapped individuals under the Rehabilitation Act of 1973, as amended").[6]

¶14  On remand, the administrative judge first should advise the appellant of the timeliness issue and afford the parties the opportunity to submit further evidence and argument on that matter. *See Sanchez*, 114 M.S.P.R. 345, ¶¶ 22-24 (discussing the appellant's timeliness burden in a restoration case when it was not apparent the agency notified her of her appeal rights); 5 C.F.R. § 353.104 (requiring an agency denying restoration to provide notice of appeal rights, but further requiring an employee to "exercise due diligence in ascertaining" those rights regardless of such notice). If the administrative judge determines that the appeal was timely filed, or that there was good cause to waive the filing deadline, she should proceed to adjudicate the merits of the appeal, including holding the appellant's requested hearing. IAF, Tab 1 at 1.

---

[6] The appellant raised additional matters concerning, among other things, an improper disclosure of her medical information and the compromise of personally identifiable information during a cyber intrusion. IAF, Tab 8 at 1; PFR File, Tab 1 at 3, 6. At least some of these issues appear to be outside of the Board's jurisdiction. *See Young v. U.S. Postal Service*, 113 M.S.P.R. 609, ¶ 40 (2010) (observing that the Board does not have jurisdiction to adjudicate Privacy Act claims). On remand, the administrative judge only should adjudicate those claims over which the Board has jurisdiction.

**ORDER**

For the reasons discussed above, we remand this case to the Board's Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:             <u>          /s/ for              </u>
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.