**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PAUL O. WRIGHT,
                    Appellant,

          v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DA-0353-15-0517-B-1

DATE: April 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul O. Wright, Houston, Texas, pro se.

Nadalynn F. Hamilton, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1          The appellant has filed a petition for review of the initial decision, which denied his request for corrective action as to his partial recovery restoration claim and dismissed his full recovery restoration claim for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was formerly employed by the agency as an Electronic Technician until he retired, effective September 30, 2004. *Wright v. U.S. Postal Service*, MSPB Docket No. DA-0353-15-0517-I-1, Initial Appeal File (IAF), Tab 5 at 4, 7, 12, Tab 7 at 57. In July 2015, he filed a Board appeal alleging that the agency denied him restoration. IAF, Tab 1. The administrative judge issued an initial decision that dismissed the appeal, finding that the appellant failed to nonfrivolously allege that he was separated as a result of a compensable injury. IAF, Tab 12, Initial Decision.

¶3 The appellant filed a petition for review, which the Board granted. *Wright v. U.S. Postal Service*, MSPB Docket No. DA-0353-15-0517-B-1, Remand Order, (May 17, 2016). The Board found that the appellant had nonfrivolously alleged that he was separated as a result of a compensable injury because: (1) the record reflected that, on June 14, 2004, he had suffered a recurrence of a work-related injury; (2) from June 15, 2004, until when the appellant retired on September 30, 2004, his employment status was leave without pay, injured on duty; and (3) the

appellant alleged that he subsequently retired after the agency informed him that there was no available work within his medical restrictions, sent him home, and failed to assist him in obtaining Office of Workers' Compensation (OWCP) benefits. *Id.*, ¶ 15. The Board found that the record appeared consistent with these contentions because, among other things, in 2014, OWCP awarded the appellant retroactive wage loss benefits for the period from June 15-24, 2004. *Id.*, ¶ 16. The Board further found that the appellant raised nonfrivolous allegations regarding the remaining jurisdictional requirements of his partial recovery restoration claim and remanded the appeal for further adjudication.[2] *Id.*, ¶¶ 18-19. Finally, the Board found that the appellant alleged that the agency denied him restoration following his full recovery and remanded the case to allow the parties an opportunity to develop the record regarding this claim. *Id.*, ¶ 20 n.10.

¶4        On remand, the administrative judge issued an initial decision denying the appellant's request for corrective action as to his partial restoration claim and dismissing his full recovery restoration claim for lack of jurisdiction. *Wright v. U.S. Postal Service*, MSPB Docket No. DA-0353-15-0517-B-1, Remand File, Tab 37, Remand Initial Decision (RID).[3] Regarding the appellant's partial restoration claim, the administrative judge found that the appellant failed to prove by preponderant evidence that his September 30, 2004 retirement was a result of a compensable injury because he failed to show that OWCP determined he suffered from a compensable injury beyond June 24, 2004. RID at 2-4. Regarding the appellant's full restoration claim, the administrative judge found that the appellant failed to nonfrivolously allege that he requested restoration within

---

[2] Because this appeal was filed in July 2015, after the effective date of the Board's revised regulation, 5 C.F.R. § 1201.57, the appellant was only required to make nonfrivolous allegations of jurisdiction to obtain a hearing, at which he was required to prove the merits of his appeal by preponderant evidence.

[3] The initial decision was based on the written record because the appellant withdrew his request for a hearing. RID at 2 n.1.

30 days after OWCP terminated compensation payments. RID at 5-6. In particular, the administrative judge found that the record reflected that OWCP had closed the appellant's right trigger finger claim, with all benefits paid, on October 1, 2011, and closed his left trigger finger claim, with all benefits paid, on September 2, 2014. RID at 6. Although the appellant did not present any evidence that OWCP had closed his claims on the basis that he was fully recovered, the administrative judge found that, even assuming that that was the case, the appellant failed to nonfrivolously allege that he requested restoration within 30 days of October 1, 2011, or September 2, 2014.[4] *Id.*

¶5        The appellant has filed a petition for review. *Wright v. U.S. Postal Service*, MSPB Docket No. DA-0353-15-0517-B-1, Remand Petition for Review (RPFR) File, Tab 1. The agency has opposed the appellant's petition. RPFR File, Tab 4. The appellant has filed a reply. RPFR File, Tabs 5-6.

¶6        With his petition for review, the appellant submits numerous documents. RPFR File, Tab 1 at 4-17, Tabs 2, 5-6. He contends that he found these documents in storage and, thus, they were not available prior to the close of the record below. RPFR File, Tab 1 at 2, Tab 2 at 1. We find that these documents do not provide a basis to disturb the initial decision because they are neither new nor material. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that the Board will not consider evidence raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); 5 C.F.R. § 1201.115(d).

---

[4] The administrative judge also found that the appellant failed to nonfrivolously allege that he requested restoration within 30 days of December 8, 2015, the date he contended that he was fully recovered. RID at 6.

¶7        Here, the evidence is not new because the documents predate the close of record below and/or are part of the record below.[5] *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new); 5 C.F.R. § 1201.115(d) (stating that to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite the appellant's due diligence when the record closed). Even if this evidence were new, it is not material because the appellant has not explained why he believes that it warrants an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶8        On review, the appellant does not identify any specific error that the administrative judge made in evaluating the evidence or applying the law. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). Nevertheless, we have reviewed the record and discern no error in the administrative judge's analysis. Although he contends generally that the administrative judge failed to consider the restoration regulations set forth in 5 C.F.R. part 353, RPFR File, Tab 1 at 1-2, we find that the administrative judge properly applied the restoration regulations to the facts of this appeal, RID at 2, 5. The appellant also contends that the administrative judge failed to consider the Board's decisions in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), *overruled by Cronin v. U.S. Postal Service*, 2022 MSPB 13, and *Chen v. U.S. Postal Service*, 97 M.S.P.R. 527 (2004), *overruled in part by Latham*, 117 M.S.P.R. 400, ¶ 10. However, he has not explained how either of these decisions establishes any error in the initial decision.

---

[5] Several documents are undated and do not appear to be part of the record below. RPFR File, Tab 1 at 6, 10-11, 16-17. We decline to consider such documents because the appellant has not shown that the information contained in them was unavailable prior to the close of the record below despite his due diligence or explained why he was unable to obtain the documents from storage before the record closed below.

¶9     Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                          _____
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.