**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MATTHEW C. LITTON,<br>       Appellant,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br>      Agency. | DOCKET NUMBERS<br>DC-0752-14-0353-C-1<br>DC-0752-14-1110-C-1<br><br><br>DATE: September 30, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Christine Kumar, Esquire, and Kristin Alden, Esquire, Washington, D.C.,
    for the appellant.

Drew Ambrose, Monica Hansen, Marisa C. Ridi, Esquire, and
    Chad Y. Tang, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**ORDER**

The appellant has filed a petition for review of a compliance initial decision that granted in part and denied in part his petition for enforcement of a Board

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

order reversing two indefinite suspensions.[2] In the same petition for review, the appellant challenges a compliance initial decision that denied his petition for enforcement of a Board order reversing his removal. After fully considering the filings in these appeals, we JOIN them under 5 C.F.R. § 1201.36(b) because doing so will expedite processing without adversely affecting the interests of the parties. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decisions. We refer MSPB Docket No. DC-0752-14-0353-C-1 for compliance as set forth below. This is the Board's final decision in MSPB Docket No. DC-0752-14-1110-C-1. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On January 23, 2014, the appellant, a preference-eligible Special Agent with the agency's Federal Bureau of Investigation (FBI), filed a Board appeal challenging two indefinite suspensions. *Litton v. Department of Justice*, MSPB

---

[2] To the extent that the compliance initial decision granted the appellant's petition for enforcement, the agency has submitted evidence and argument on the issue of its compliance with the administrative judge's order. The agency's submission has been docketed as a compliance referral and will be addressed in a separate decision. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-0353-X-1.

Docket No. DC-0752-14-0353-I-1, Initial Appeal File (0353 IAF), Tab 1 at 5. The first indefinite suspension, effective upon his receipt of a September 15, 2010 letter, was based on the agency's assertion that there was reasonable cause to believe he had committed a crime for which a sentence of imprisonment could be imposed. *Id*. at 15. The second indefinite suspension, effective November 5, 2010, was based on the suspension of the appellant's security clearance. 0353 IAF, Tab 1 at 7, 17.

¶3   On January 24, 2012, the agency notified the appellant that it was reinstating his clearance, but that it would conduct an independent review to determine his suitability to maintain a clearance. 0353 IAF, Tab 3 at 24. The agency restored the appellant to a paid duty status on January 31, 2012. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-0791-I-1, Initial Appeal File (0791 IAF), Tab 44 at 7, 68.

¶4   However, on February 12, 2014, the agency again suspended the appellant's security clearance. 0791 IAF, Tab 11 at 27. On April 17, 2014, the agency indefinitely suspended the appellant based on his failure to maintain a security clearance. *Id*. at 29-30. The letter stated that the clearance was suspended because of allegations that the appellant omitted certain medical information from his FBI SF-93 Report of Medical History and lacked candor during subsequent questioning about the matter. 0791 IAF, Tab 1 at 8-10, Tab 11 at 29. On June 13, 2014, the appellant filed a separate appeal challenging the third indefinite suspension. 0791 IAF, Tab 1.

¶5   The administrative judge joined the two appeals. 0353 IAF, Tab 28; 0791 IAF, Tabs 9, 12. After the appellant withdrew his request for a hearing, 0353 IAF, Tab 56 at 4, the administrative judge issued an initial decision based on the written record, reversing the first and second indefinite suspensions and sustaining the third indefinite suspension, *Litton v. Department of Justice*, MSPB Docket Nos. DC-0752-14-0791-I-1, DC-0752-14-0353-I-1, Initial Decision at 8, 22, 28 (Aug. 11, 2016). The Board then affirmed the initial decision with

modifications and ordered the agency to cancel the appellant's first two indefinite suspensions and retroactively restore him effective September 15, 2010, through January 31, 2012. *Litton v. Department of Justice*, MSPB Docket Nos. DC-0752-14-0791-I-1, DC-0752-14-0353-I-1, Final Order, ¶¶ 1, 31 (Oct. 11, 2022). The Board agreed with the administrative judge that the agency took the first and second indefinite suspensions without due process. *Id*., ¶¶ 5, 24-26. With respect to the first indefinite suspension, the Board also agreed that the agency violated the Rehabilitation Act of 1973 because the agency's underlying medical inquiries in its SF-93 were overbroad. *Id*., ¶¶ 6, 12-19. The Board ordered the agency to pay the appellant the "correct amount of back pay, interest on back pay and other benefits under the Office of Personnel Management's regulations." *Id*., ¶ 32.

¶6      The appellant then filed a petition for enforcement. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-0353-C-1, Compliance File (0353 CF), Tab 1. The administrative judge found that the agency had canceled the suspensions. 0353 CF, Tab 15, Compliance Initial Decision (0353 CID) at 7. She also concluded that, contrary to the appellant's claim, the agency was not required to pay back pay from September 14, 2010, through January 23, 2012, because the appellant's security clearance was suspended during that time, and therefore, he was not available to perform the duties of his position, as required to receive back pay under 5 C.F.R. § 550.805(c)(2). 0353 CID at 7-9. The administrative judge acknowledged the appellant's claims that two agency employees had been paid back pay under similar circumstances and that an agency directive entitled him to back pay, but found that the Board lacks the authority to review instances in which the agency, at its discretion, awarded more relief than legally required under the Back Pay Act, 5 U.S.C. § 5596. 0353 CID at 9-10. Because the appellant's security clearance was reinstated on January 24, 2012, the administrative judge awarded him back pay from that date through January 31, 2012. 0353 CID at 11.

¶7       During the pendency of those appeals, on September 22, 2014, the appellant filed a third Board appeal challenging his September 10, 2014 removal. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-I-1, Initial Appeal File, Tab 1 at 3. On September 22, 2017, the administrative judge issued an initial decision reversing the removal and ordering the agency to provide the appellant with interim relief. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-I-2, Appeal File (1110 AF), Tab 72, Initial Decision at 2, 27, 29. On January 16, 2018, the agency revoked the appellant's security clearance. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-I-2, Petition for Review (1110 PFR) File, Tab 28 at 8-11. On November 19, 2018, the agency denied his security clearance revocation appeal. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-C-1, Compliance File (1110 CF), Tab 4 at 683-86. On October 13, 2022, the Board affirmed the initial decision and ordered the agency to retroactively reinstate the appellant, effective September 10, 2014, and pay him the "correct amount of back pay, interest on back pay and other benefits under the Office of Personnel Management's regulations." *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-I-2, Final Order, ¶¶ 1, 29-30 (Oct. 13, 2022).

¶8       The appellant then filed a petition for enforcement of the final decision reversing his removal. 1110 CF, Tab 1. The administrative judge issued a compliance initial decision denying the petition. 1110 CF, Tab 12, Compliance Initial Decision (1110 CID) at 1, 10. The administrative judge concluded that the agency was not required to pay back pay in connection with the appellant's September 2014 removal. 1110 CID at 8. She reasoned that his security clearance was suspended on February 12, 2014, and subsequently revoked on January 16, 2018. *Id*. Thus, she concluded that he did not have the security clearance necessary for his position and was not available to perform his duties. *Id*. She also found, among other things, that the Board lacks authority to consider claims that the agency's security clearance process was flawed. *Id*. at 9.

¶9     The appellant has filed a petition for review.[3]  *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-0353-C-1, Compliance Petition for Review (0353 CPFR) File, Tabs 1, 5; *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-C-1, Compliance Petition for Review (1110 CPFR) File, Tabs 1, 4.  The agency has filed a response opposing the petition, and the appellant has replied.  0353 CPFR File, Tabs 9, 10; 1110 CPFR File, Tabs 8, 9.

## ANALYSIS

<u>The appellant is not entitled to back pay related to his first two indefinite suspensions from September 14, 2010, through January 23, 2012, when his security clearance was suspended.</u>

¶10     When the Board finds a personnel action unwarranted, the aim is to place the employee, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred, i.e., the status quo ante.  *Tubesing v. Department of Health and Human Services*, 115 M.S.P.R. 327, ¶ 5 (2010*)*; *Sink v. Department of Energy*, 110 M.S.P.R. 153, ¶ 19 (2008); *Black v. Department of Justice*, 85 M.S.P.R. 650, ¶ 6 (2000).  In particular, the agency must reinstate the appellant to his former position and duties absent a strong overriding interest or compelling reasons for not doing so.  *Tubesing*, 115 M.S.P.R. 327, ¶ 5; *LaBatte v. Department of the Air Force*, 58 M.S.P.R. 586, 594 (1993).  The agency bears the burden of proving its compliance with a Board order.  *Tubesing*, 115 M.S.P.R. 327, ¶ 5.

¶11     "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity."  *United States v. Testan*,

---

[3] The appellant has filed a single petition for review challenging the compliance initial decisions that we address here and the initial decision in *Litton v. Department of Justice*, MSPB Docket No. DC-0752-23-0016-I-1, Petition for Review (PFR) File, Tabs 5, 7-8.  We grant the appellant's request to join MSPB Docket Nos. DC-0752-14-0353-C-1 and DC-0752-14-1110-C-1 because these appeals contain many of the same relevant facts and the petition for review submissions are the same.  We deny the appellant's joinder motion as it pertains to MSPB Docket No. DC-0752-23-0016-I-1. We will issue a separate decision in that matter.

424 U.S. 392, 400 (1976). Therefore, the Board's authority to award back pay must derive, if at all, from the Back Pay Act, a settlement agreement, or some other source, such as a collective bargaining agreement, that imposes on it the mandatory obligation to award back pay. *Kelley v. Department of the Air Force*, 50 M.S.P.R. 635, 639 (1991). Under the Back Pay Act, an employee who prevails in an adverse action appeal before the Board is generally entitled to back pay for the period for which the adverse action was in effect. 5 U.S.C. § 5596. However, under 5 C.F.R. § 550.805(c)(2), the back pay calculation may not include "[a]ny period during which an employee was unavailable for the performance of his or her duties for reasons other than those related to, or caused by, the unjustified or unwarranted personnel action."

¶12    In this case, it is undisputed that the appellant's position required a security clearance and that the appellant's clearance was suspended from September 14, 2010, through January 23, 2012. 0353 CID at 2, 8. The administrative judge found that, under 5 C.F.R. § 550.805(c)(2), the appellant was not entitled to back pay for this period because he was unavailable for duty for reasons unrelated to the indefinite suspensions. *Id*. at 7-8.

¶13    On review, the appellant argues that 5 C.F.R. § 550.805(c)(2) does not apply to his situation because the suspension of his security clearance is related to the first two unwarranted indefinite suspensions. 0353 CPFR File, Tab 5 at 13-15. In support of this argument, the appellant cites to *Martin v. Department of the Air For*ce, 184 F.3d 1366, 1371 (Fed. Cir. 1999), for the proposition that the Board must look to "the cause" of the employee's unavailability "before excluding the period of time" from the back pay computation. 0353 CPFR File, Tab 5 at 15. However, *Martin* is inapplicable here because it involved an appellant's inability to work due to an incapacitating injury, pursuant to 5 C.F.R. § 550.805(c)(1), and not because he was "unavailable for the performance of his . . . duties" because he did not possess a security clearance, pursuant to section 550.805(c)(2). *Martin*, 184 F.3d at 1370-72; *see White v. Department of*

*the Army*, No. 2007-3135, 2007 WL 2914536 at \*3 (Fed. Cir. Oct. 5, 2007) (distinguishing between 5 C.F.R. § 550.805(c)(1) and (c)(2)).[4]

¶14 In any event, we find that the relationship between the security clearance determination and the indefinite suspension is not of the type contemplated in the regulation. The security clearance suspension and the first indefinite suspension may have shared a cause (suspected criminal activity), but the actions were taken independently of one another. As for the second indefinite suspension, the security clearance suspension was the cause of that adverse action—not the other way around. As we interpret 5 C.F.R. § 550.805(c), its function is to ensure that an appellant's receipt of a back pay award does not put him in a better position than he would have been in had the adverse action never occurred. *See Washington v. Tennessee Valley Authority*, 22 M.S.P.R. 377, 379 (1984) ("Cancellation of [an adverse action] is intended to make the appellant whole, but cannot be permitted to require a 'windfall.'"). In this case, even if the agency had never suspended the appellant under 5 U.S.C. chapter 75, his security clearance would still have been suspended, and for that reason, he would have been unable to work. To award the appellant back pay for this period would place him in a better position than if the suspension had never occurred, and we find that the Back Pay Act and the Office of Personnel Management (OPM)'s implementing regulations prohibit such an award.

¶15 Next, the appellant reargues that the agency's practice in denying him back pay is "arbitrary and capricious" because it has paid back pay to other employees who were similarly situated. 0353 CF, Tab 13 at 5-10; 0353 CPFR File, Tab 5 at 19-21. Here, the appellant reasserts that he is entitled to back pay pursuant to FBI Policy Directive 0622D, which states that, in a situation like this one, in which an employee was indefinitely suspended unrelated to a proposed removal, the "[A]ssistant [D]irector of [the Human Resources Division] will review the

---

[4] The Board may rely on nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit when it finds their reasoning persuasive, as we do here. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 19 n.5.

circumstances to determine whether back pay may be appropriate for the period of the indefinite suspense and make a decision on a case-by-case basis." 0353 CF, Tab 1 at 27, 33; 0353 CPFR File, Tab 5 at 16-17. Similarly, FBI Policy Directive 0975D provides that when an indefinite suspension is not related to a proposed removal, an employee may submit a request for back pay to the Assistant Director, Human Resources Division, "who will review requests on a case-by-case basis." 1110 CF, Tab 1 at 27. He argues that the agency's policies do not make back pay contingent on the restoration of an employee's security clearance and that the agency applies these policies "inconsistently." 0353 CPFR File, Tab 5 at 18, 20. The administrative judge considered and rejected this argument, finding that, even if the agency applied its own directives for providing back pay in an "arbitrary and capricious manner" by providing some employees back pay and not others, this was nevertheless within the agency's discretion. 0353 CID at 9. We find no reason to disturb the administrative judge's conclusion that the Board's authority to order back pay is governed by the Back Pay Act and 5 C.F.R. part 550, subpart H. *Id.* If the agency, within its discretion, chooses to provide a benefit beyond that provided for in the Back Pay Act or OPM's implementing regulations, it is outside the Board's reviewing authority.[5] *Id.*; *cf. Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶¶ 15.20 (determining that OPM could not expand the bases for determining an agency acted arbitrarily and

---

[5] Because the Board lacks authority to award back pay under the agency's discretionary policies, we decline to address the appellant's arguments concerning the administrative judge's alternative finding that the agency's payment of other individuals under allegedly comparable circumstances was due to agency error. 0353 CID at 9-10; 0353 CPFR File, Tab 5 at 19-22 & n.3, 24-26. Nor do we address the agency's response arguing that neither policy is applicable and that FBI Policy Directive 0975 superseded FBI Policy Directive 0622. 0353 CPFR File, Tab 9 at 30-31. Further, a reply is limited to the factual and legal issues raised by another party in the response to the petition for review. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 8 n.4; 5 C.F.R. § 1201.114(a)(4). It may not raise new allegations of error. *Lin*, 2023 MSPB 2, ¶ 8 n.4; 5 C.F.R. § 1201.114(a)(4). Accordingly, we will not consider the appellant's argument, raised for the first time in his reply, that he is entitled to back pay under the Rehabilitation Act in connection with his September 2010 indefinite suspension. 0353 CPFR File, Tab 10 at 10-12 & n.6.

capriciously in denying a request for restoration to duty following an on-the-job injury to include greater obligations undertaken by the agency because Congress did not authorize OPM to redelegate OPM's rulemaking authority).

The appellant is not entitled to back pay in connection with his removal appeal.

As explained above, the agency removed the appellant effective September 10, 2014. It is undisputed that the appellant's security clearance was suspended on February 12, 2014, and thereafter revoked on January 16, 2018. 1110 CID at 8. In the compliance initial decision, the administrative judge found that, under 5 C.F.R § 550.805(c)(2), the appellant was not entitled to any back pay in connection with his removal because he did not have an active security clearance during any part of the back pay period. *Id*. at 7-10.

On review, the appellant argues that 5 C.F.R § 550.805(c)(2) does not apply because his security clearance suspension and revocation were related to his removal. 1110 CPFR File, Tab 4 at 28-33. For the reasons discussed above, in connection with back pay for the indefinite suspensions, we disagree with this argument. *Supra* ¶ 14.

The appellant also argues that the agency cannot rely on the January 2018 security clearance revocation to deny back pay related to his removal. 1110 CPFR File, Tab 4 at 46-54; 1110 CF, Tabs 4, 11. Specifically, he argues that the agency failed to comply with Executive Order 12968, 60 Fed. Reg. 40245 (Aug. 2, 1995), and its own regulations and policy when it failed to give him a comprehensive explanation of the basis for the security clearance revocation and provide documents, records, and reports upon which the revocation was based. Therefore, he asserts, the Board should conclude that the period of the revoked clearance is not a period of "unavailability" under 5 C.F.R. § 550.805(c)(2). 1110 CPFR File, Tab 4 at 46-54.

We have considered the appellant's argument, but we agree with the administrative judge that the Board lacks authority to review the agency's security clearance revocation in the context of this petition for enforcement

because the removal was not based on the revocation of the appellant's security clearance. 1110 CID at 8-9. Similarly, to the extent that the appellant alleges for the first time on review that the agency is required to reinvestigate his security clearance every 5 years, the Board also lacks authority to consider that claim unless the agency has imposed an adverse action based on the security clearance revocation. 1110 CPFR File, Tab 4 at 54-57; *see Schnedar v. Department of the Air Force,* 120 M.S.P.R. 516, ¶ 8 (2014) (finding that the Board may review whether the agency complied with its own procedures in imposing an adverse action based on a security clearance determination). For the reasons discussed above, we agree with the administrative judge that the appellant is not entitled to back pay related to his September 20, 2014 removal because he was unavailable to perform the duties of his position due to his lack of a valid security clearance during the relevant backpay period, i.e., from September 20, 2014, to the present. 1110 CID at 7-8.[6]

Any failure by the agency to comply with the interim relief order is now moot.

¶20    On review, the appellant reargues that he was entitled to interim relief related to his removal for the period beginning September 22, 2017, the date of the initial decision reversing his removal, through October 23, 2022, the date of the Board's final decision affirming that initial decision and ordering his reinstatement. 1110 CF, Tab 1 at 5, Tab 11 at 7, 15; 1110 CPFR File, Tab 5 at 33-38. The administrative judge did not consider this claim below. The agency argues that the issue of interim relief is no longer properly before the Board because the appellant raised that issue in the petition for review of the removal appeal and the Board declined to dismiss the agency's petition for review. 1110 CPFR File, Tab 8 at 43. We agree with the agency.

---

[6] The appellant has a separate pending petition for review, *Litton v. Department of Justice,* MSPB Docket No. DC-0752-23-0016-I-1, in which he claims that the agency constructively suspended him by failing to return him to duty after his removal was reversed. We do not decide here whether the appellant would be entitled to any remedy should he prevail in that appeal.

¶21     There is no basis in a compliance proceeding for an administrative judge to consider assertions that an agency failed to provide interim relief. *Owens v. Department of Transportation*, 99 M.S.P.R. 377, ¶ 10 (2005); *Boyd v. Department of Veterans Affairs*, 93 M.S.P.R. 386, 389 n.2 (2003) (finding that allegations an agency failed to provide interim relief pertain to the merits of the case and are not before the Board in that compliance proceeding); *LaBatte*, 58 M.S.P.R. at 592-93 (stating that the only remedy for an agency's failure to comply with an interim relief order is dismissal of the agency's petition for review; interim relief is not at issue in a compliance proceeding). Once an appellant has received a final Board order on the merits in his favor, any question regarding the agency's compliance with the interim relief order is moot. *Gannon v. U.S. Postal Service,* 61 M.S.P.R. 41, 48 (1994).

¶22     Here, because the appellant has received a Final Order on the merits in his favor, we find that the issue of the agency's compliance with the interim relief order is moot and subsumed in the Board's Final Order. Specifically, in the Board's Final Order, it declined to dismiss the agency's petition for review based on the appellant's claim that the agency failed to provide him with interim relief and instead denied the petition for review and affirmed, with modifications, the initial decision reversing the appellant's removal. *Litton*, MSPB Docket No. DC-0752-14-1110-I-2, Final Order, ¶ 9. The Board explained that "[i]f a dispute arises concerning the pay to which the appellant is entitled under the Board's Final Order, the appellant may file, as indicated below, a petition for enforcement concerning that matter with the regional office." *Id.*; *see* 5 C.F.R. § 1201.116(g) (providing that, if the initial decision granted the appellant interim relief and the appellant prevails in the final Board order disposing of a petition for review, then any interim relief enforcement motion filed will be treated as a motion for enforcement of the final decision under 5 C.F.R. § 1201.183). The Board's Final Order provided that the agency is to "cancel the appellant's removal and retroactively restore him effective September 10, 2014." *Litton*, MSPB Docket

No. DC-0752-14-1110-I-2, Final Order, ¶ 29. It further provided that the agency "pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of [the] decision." *Id.*, ¶ 30 Thus, because the Board declined to dismiss the agency's petition for review and instead denied it on the merits in the appellant's favor, the issue of the agency's noncompliance with the interim relief order is moot and the sole issue before us is whether the agency is in compliance with the Board's Final Order. *Gannon,* 61 M.S.P.R. at 43.

¶23 For the reasons described herein, we affirm the administrative judge's conclusion that the appellant was not entitled to back pay related to his first two indefinite suspensions, from September 14, 2010, through January 23, 2012, or his September 10, 2014 removal, during any period in which his security clearance was suspended. Regarding the period January 24 through 30, 2012, when the appellant's security clearance was active, the agency does not dispute that the appellant is entitled to back pay for those dates. The agency's fulfillment of its back pay obligations for those dates will be addressed in a separate order, under MSPB Docket No. DC-0752-14-0353-X-1.

**ORDER**

¶24 This order does not constitute a final order as to MSPB Docket No. DC-0752-14-0353-C-1, and it is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1) regarding that matter. As stated above, some issues raised in the appellant's petition for enforcement are being addressed separately in a compliance referral matter, under MSPB Docket No. DC-0752-14-0353-X-1. Upon final disposition of the compliance referral, a final order shall be issued in MSPB Docket Nos. DC-0752-14-0353-C-1 and DC-0752-14-0353-X-1, which shall be subject to judicial review.

¶25     This is the final decision of the Merit Systems Protection Board regarding the compliance proceedings in connection with the appellant's 2014 removal under MSPB Docket No. DC-0752-14-1110-C-1.

**NOTICE OF APPEAL RIGHTS
IN MSPB DOCKET NO. DC-0752-14-1110-C-1**[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                   _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.