UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

GREGORY TURNER,
          Appellant,

      v.

U.S. POSTAL SERVICE,
          Agency.

DOCKET NUMBER
AT-0353-17-0732-B-1

DATE: May 26, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gregory Turner, Memphis, Tennessee, pro se.

Roderick Eves, Esquire, and Michael Tita, Esquire, St. Louis, Missouri,
   for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action in this appeal concerning a request for restoration in August 2017. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant suffered a compensable injury in 2006. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0732-I-1, Initial Appeal File (IAF), Tab 9 at 6, 23. As a result, he was permanently limited to 1 hour of bending or stooping; 1 hour of pushing, pulling, or lifting of 25 pounds or less; and working no more than 6 hours per day. *Id*. at 15. On January 28, 2015, the agency offered the appellant a modified city letter carrier position consistent with his restrictions. *Id*. at 20. This offer was found suitable by the Office of Workers' Compensation Programs (OWCP). *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0826-I-1, Initial Appeal File (0826 IAF), Tab 6 at 18. The appellant alleges that he did not accept this offer because the agency made it clear at the time that, despite his restrictions, he would be expected to perform his previous role. *Id*. at 6; *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0732-B-1, Remand File (RF), Tab 14-1, Hearing Recording (HR) (testimony of the appellant). The agency explicitly told the appellant that this offer would remain available if he chose to return. 0826 IAF, Tab 6 at 18.

On August 23, 2017, the appellant again requested restoration and told the agency that he would accept the January 2015 standing offer. IAF, Tab 1, Tab 9 at 24. On the same date, he filed this restoration appeal, stating that the agency had "refuse[d] to respond" to his restoration request. *Id*. at 3. The agency then made a job offer to the appellant in September 2017, just a few weeks after the request for restoration. In a letter extending the offer, the agency indicated that the modified position was the same one offered in January 2015, i.e., the one found suitable by the OWCP. *Id*. at 24. However, an associated "Offer of Modified Assignment" form listed the position as limited to 6 hours of work per day; lifting, pushing, and pulling up to 70 pounds; and bending or stopping up to 4 hours per day. *Id*. at 25-26. The appellant indicates that he declined the assignment because it exceeded his physical limitations. RF, Tab 14-1, HR (testimony of the appellant).

The administrative judge dismissed this appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision at 1. The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The full Board vacated the initial decision and remanded the appeal, holding that the appellant made a nonfrivolous allegation of jurisdiction. PFR File, Tab 5, Remand Order (RO) at 5-7 (Apr. 8, 2024). The Board instructed the administrative judge to hold the appellant's requested hearing and address on the appellant's claim on the merits.

On remand, the assigned administrative judge held a hearing. RF, Tab 14; Tab 15, Remand Initial Decision (RID). He then issued a remand initial decision, which denied the appellant's request for corrective action. RID at 4. He found that the only disputed element in the appeal was whether the agency's denial of the appellant's request for restoration was arbitrary and capricious. RID at 2-3. He concluded that the appellant did not prove that element by preponderant evidence. RID at 4.

The appellant has timely filed a petition for review of the remand initial decision. Remand Petition for Review (RPFR) File, Tab 1. The appellant argues

that the agency did not search within the local commuting area for vacant positions to which it could restore him or consider him for any such vacancies. *Id*. at 4. He also argues that the agency did not comply with its own policies and therefore its denial of his request for restoration was arbitrary and capricious. *Id*. at 4. The agency has responded to the remand petition for review, and the appellant has replied. RPFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

To prove the merits of a restoration claim as a partially recovered employee, the appellant must prove by preponderant evidence that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *See Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12 (identifying the jurisdictional elements of a restoration appeal); 5 C.F.R. § 1201.57(a)(4), (c)(4) (stating that an appellant has the burden to prove the merits of his restoration appeal by preponderant evidence).

The administrative judge indicated that the first three elements of this burden were undisputed. RID at 3. We take this opportunity to nevertheless elaborate about the third element—that the agency denied the appellant's request for restoration.

Under certain circumstances, an agency's job offer to a partially recovered employee may be so unreasonable as to amount to a denial of restoration. *See Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 13 (2016) (recognizing that the Board has jurisdiction over a claim of a denial of restoration under these circumstances). An appellant's claim that he was denied restoration under these circumstances may involve allegations that he is incapable of performing the job duties of the position to which he was restored. *Id*. In the absence of an OWCP

suitability determination, the Board may determine in the first instance whether a job offer is an effective denial of restoration. *Ballesteros v. U.S. Postal Service*, 88 M.S.P.R. 428, ¶¶ 8-9 (2001).

Documentation of the agency's September 20, 2017 job offer contains conflicting reports about its requirements. IAF, Tab 9 at 24-26. However, the more detailed of those reports, the "Offer of Modified Assignment" form, lists physical requirements that exceeded the appellant's medical restrictions, such as lifting up to 70 pounds; 4 hours of bending or stooping; and 4 hours of pushing and pulling up to 70 pounds. *Id*. at 25. There is no indication in the record that the OWCP found this job offer suitable, nor is there evidence that the appellant's medical restrictions had lessened at that point. *See* RF, Tab 14-1, HR (testimony of the appellant) (explaining that the appellant's medical restrictions were unchanged from 2015). As discussed above, the appellant was permanently restricted to 1 hour of bending or stooping; and 1 hour of pushing, pulling, or lifting of 25 pounds or less. IAF, Tab 9 at 15. Accordingly, we find that the agency's 2017 job offer to the appellant, as described on the agency's "Offer of Modified Assignment" form, exceeded his medical restrictions and amounted to a denial of restoration.

We now turn to the last element of the appellant's burden—proving by preponderant evidence that the denial of his request for restoration was arbitrary and capricious. An agency's denial of restoration is only arbitrary and capricious if it failed to make every effort to search within the local commuting area for vacant positions to which it could restore the employee and to consider her for any such vacancies. *Cronin*, 2022 MSPB 13, ¶¶ 20-21.

As previously noted, the agency offered the appellant a position, albeit one that seemed to have exceeded his documented limitations. However, the question remains as to whether the agency conducted a proper search in concert with its offer of that position and no other. On that point, the appellant did not elicit the kind of evidence necessary to meet his burden of proving that the agency fell

short of its obligations. To illustrate, the appellant did not submit any pleadings during the remand proceedings, nor did he call any witness to testify other than himself. Plus, the testimony that the appellant did provide was of little consequence for this dispositive issue. The appellant merely speculated about the sufficiency of the agency's efforts while acknowledging that he did not know if the agency had any available work compatible with his physical limitations. For these reasons, we agree with the administrative judge's determination that the appellant did not meet his burden of proof. The appellant's petition for review, which further speculates about the agency's efforts without referring us to any supportive evidence of record, does not persuade us otherwise.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.